FLETCHER *v.* CONLY.

Not necessary to prove the identity of the drawee of an order before it is offered in evidence.

The acceptor of an order becomes liable to the payee named in the order, and a mere technical variance will not defeat his liability.

Judgment may be rendered against the security in an appeal bond from a justice of the peace.

### *Error to Des Moines District Court.*

*Opinion by* WILLIAMS, C. J.   William Conly for the use of Barton T. David, commenced his suit against the defendant John C. Fletcher before a justice of the peace. The instrument of writing on which the action is founded, is an order drawn by A. H. Judd in favor of William Conly clerk of the steamer Amaranth, for the sum of forty-two dollars, on John C. Fletcher the defendant.   The order bears date, May the 9th, 1842, at St. Louis, and was given to pay that amount as money due to the boat from the Marine company.   The order was presented to Fletcher, and "Accepted June 13th, 1842, J. C. Fletcher."   A credit is endorsed on the order for nine dollars, of the same date with the acceptance.   The parties appeared before the justice on the day appointed for the hearing, with counsel, the cause was tried and judgment rendered by the justice against the defendant for the sum of forty-three dollars and fifty-six cents debt and interest, with costs of suit.

The trial was had before the justice on the 16th of October, 1847; on the 1st of November, 1847, the defendant with R. S. Adams, who was offered as his security for the purpose, took his appeal to the district court.   The bond on file with the record of the case, however, which was executed on taking the appeal, shows that, instead of R. S. Adams becoming security for the defendant, Charles W. Hunt executed it with him as his bail.   The cause was tried on the appeal at the April term, 1848, at Burlington,

and a verdict, and judgment thereon rendered against the defendant, and Charles W. Hunt his bail on the appeal, for the sum of forty-four dollars and fifty cents, with costs of suit.

As to the plaintiff's right to recover, several questions were raised by defendant's counsel in the court below, and adjudicated. In deciding these, it is contended by defendant's counsel, that there is error in the proceedings of that court. The cause is here on writ of error, and the reversal of the judgment is urged on the following assignments:

1. The court erred in admitting in evidence to the jury, the original order and acceptance referred to in the bill of exceptions in manner and form as stated therein.

2. In ruling out from the jury the evidence of defendant proving the name of the person referred to in said order.

3. In rendering final judgment against said Hunt.

The bill of exceptions shows that the defendant's counsel objected to the reading of the order in evidence to the jury, on the ground that before this was done it was necessary the plaintiff should give some evidence, by which to show his identity with the drawee of the order. This objection was overruled by the court, and the order was permitted to go in evidence to the jury.

We cannot discover anything erroneous in this ruling of the court. It has been heretofore decided by this court, that the holder or promissee of a promissory note may bring his suit against the promisor and recover judgment in the name which is given to him by the maker of the instrument, when he executes it. And this is in accordance with the sound principles of justice. By allowing him to resist a recovery for this, he would be deriving an advantage from his own wrong.

The acceptance of the order by Fletcher the defendant, rendered him liable to the plaintiff Conly, for the amount called for by it. It was tantamount to a promise to pay it to him as payee, and no further evidence for the purpose of identifying Conly as the payee, was necessary. The order, properly accepted, was there for the jury in the case,

11

produced by the plaintiff on the trial, and a recovery on it would bar a future action for the same indebtedness. This was all sufficient for the security of the defendant.

After the order and acceptance had been read in evidence to the jury, the plaintiff rested his case. The defendant, then offered a sworn witness to prove that the person referred to in said order, is named *Conolly* and not *Conly*. This evidence was ruled out by the court, and this ruling is complained of as error, on the ground of variance.

The order being before the jury and the identity of the plaintiff established for all legal purposes, so as to protect the interests of the parties to the action, we are of the opinion that the evidence could have no legitimate bearing on the case, as it then was, on the part of plaintiff, submitted to the jury on the instrument itself, without objection being previously made. To avail himself of this objection, on the ground of variance, the defendant should have moved it to the court when the instrument was offered in evidence, before it had been read to the jury, and before the plaintiff had closed his part of the testimony. A practice different from that here enjoined, would tend to confusion and privation of right. By permitting the order to go in evidence to the jury as he did, the defendant waived and lost the benefit of this objection. He could not thus, when he had recognized the legal position of the plaintiff in the action, introduce his testimony to resist a recovery against him on a point so technical.

In deciding this point, we remark also that on examination of the name, as written in the instrument, it is extremely difficult to say whether it is to be read " Conolly" or " Conly," which of them it may be, is immaterial, as we are of the opinion as to their pronunciation, that the principle of *idem sonans* may with propriety be applied.

The last assignment of error is fully answered by the record. The judgment of the court below is in perfect accordance with the requirement of the statute, which authorized judgment to be entered upon an affirmance,

against the security as well as the defendant in the action. The appeal bond of record in the case, shows that Charles W. Hunt executed it as the security of the defendant Fletcher.

Judgment affirmed.

*D. Rorer,* for plaintiff in error.

*M. D. Browning,* for defendant.